UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEATHER L JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-2854** |
| **JENNIFER L MARSIGLIA** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are unopposed Motions to Dismiss by Defendants June Darensberg (Doc. 16), Jefferson Parish (Doc. 19), Jon Gegenheimer (Doc. 23), and Jennifer Marsiglia (Doc. 24). For the following reasons, the Motions by Defendants Darensberg, Jefferson Parish, and Gegenheimer are **GRANTED**, and Defendant Marsiglia's Motion is **DENIED**.

## BACKGROUND

Pro se Plaintiff Heather Johnson, an attorney licensed in Louisiana, filed her initial Complaint in this matter on March 16, 2018. The initial Complaint named Jennifer Marsiglia as the only Defendant "in as much as she is an attorney and legal fiduciary of co-owned property . . . where extreme and unlawful inflictions of emotional distress was (sic) incurred as a direct result of general civil negligence concerning health care decision making incentives."[1] The nature of Plaintiff's claims were not clear from her Complaint, but she described them as follows: "This suit is proper before this Honorable Court as there is general, civil tort liability concerning asbestos and related personal

---

[1] Doc. 1 at 2.

1

and other medical injury involving real estate belonging to an Incorporated Business in Louisiana and Florida."[2]

Over the next year, this Court on several occasions ordered Plaintiff to submit proof of service upon Defendant Marsiglia. The final order, issued on February 27, 2019 in response to a request by Plaintiff Johnson to again extend her deadline to effect service, read in pertinent part as follows:

> **IT IS ORDERED** that Plaintiff shall no later than March 11, 2019 (1) submit proof of service upon Defendant Marsiglia and (2) amend her Complaint to properly allege facts supporting federal jurisdiction. If Plaintiff fails to timely submit proof of service upon Marsiglia, Plaintiff's claims will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. If Plaintiff fails to timely file an amended Complaint properly alleging facts to support federal jurisdiction, Plaintiff's case will be dismissed for lack of subject matter jurisdiction.[3]

Plaintiff did not submit proof of service of her original Complaint upon Marsiglia by the Court's March 11, 2019 deadline. She did, however, file an Amended Complaint on March 8, 2019. Plaintiff's theory of recovery—and the allegations underlying that theory—shifted dramatically from her Complaint to her Amended Complaint. Although the caption of the Amended Complaint still identifies Marsiglia as a defendant, she is no longer the main target—if a target at all—in the suit. Instead, Plaintiff's primary claims are directed at Judge June Darensberg of Louisiana's 24th Judicial District Court in Jefferson Parish.

Much like with Plaintiff's original Complaint, it is unclear from Plaintiff's Amended Complaint exactly what claims she is asserting and against whom she is asserting them. The named Defendants include: (1) Marsiglia; (2) Judge Darensberg; (3) Jon Gegenheimer, Clerk of Court for the

---

[2] Doc. 1 at 1.
[3] Doc. 9 at 2–3.

24th Judicial District Court for Jefferson Parish; (4) the Jefferson Parish Clerk of Court; and (5) the Jefferson Parish Code Enforcement.[4] Plaintiff describes the relief she seeks as follows:

> [S]crutiny and an Order for preemptory and continuing Writ of Mandamus and other civil injunctive and general tort relief afforded under the Equal Protection Clause, Due Process Clause, Supremacy Clause, Privileges and Immunities Clause (sic) to vacate illegal Domestic Court Orders and quash and enjoin from maintaining or enforcing said Orders wherein as an incompetent forum, acting under color of state law.[5]

Plaintiff specifies the "primary relief" she seeks as a "Mandamus Order Vacating 102 Divorce Judgments based upon fraud."[6]

Defendants Darensberg, Gegenheimer, and Jefferson Parish now move to dismiss Plaintiffs' claims on two grounds: (1) failure to properly serve them with process and (2) failure to state a claim against them upon which relief could be granted. Defendant Marsiglia similarly argues that she was not timely served with process. She also argues that the claims against her should be dismissed pursuant to Rule 41(b) because of Plaintiff's repeated inability to comply with this Court's orders over the past year.

Defendant Darensberg's Motion came under submission on April 24, 2019. Defendant Jefferson Parish's Motion came under submission on May 22, 2019. Finally, the Motions by Defendants Marsiglia and Gegenheimer came under submission on June 5, 2019. As of the date of this Order and Reasons, Plaintiff has not responded to any of the Motions.

---

[4] The Amended Complaint misspells Darensberg as "Darrensberg" and Gegenheimer as "Gegenhiemer." Doc. 11 at 1.
[5] *Id.* at 1.
[6] *Id.* at 2.

The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[7] Accordingly, this Court has considered the merits of Defendants' unopposed Motions.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim for relief that is plausible on its face."[8] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[10] The Court need not, however, accept as true legal conclusions couched as factual allegations.[11] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[12] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[13]

---

[7] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).
[8] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[9] *Id.* (citing *Twombly*, 550 U.S. at 556).
[10] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[11] *Iqbal*, 556 U.S. 662 at 678.
[12] *Id.*
[13] *Lormand*, 565 F.3d 228 at 255–57.

# LAW AND ANALYSIS

I. **Defendant Darensberg**

   a. **Claim seeking a mandamus**

Plaintiff alleges that the "primary relief" she seeks in this suit is a mandamus ordering Judge Darensberg to vacate a previously issued judgment of divorce and re-open the case for renewed litigation.[14] Federal courts, however, lack the power to issue writs of mandamus directing state courts or their officers in the performance of their duties.[15] Because Plaintiff seeks exactly that—an order from this Court directing a state court judge in the performance of her duties—Plaintiff in this regard has failed to state a claim on which relief could be granted.

   b. **Other claims against Judge Darensberg**

Plaintiff further alleges that Judge Darensberg violated "Due Process of Law granting removal of child custody sans proper evidence of Service and denying pursuit of domestic happiness protected under the Fifth and Fourteenth Amendment."[16] As an initial matter, the Fifth Amendment does not provide a right to the "pursuit of domestic happiness."[17] Instead, the Fifth Amendment provides in relevant part that "[n]o person shall . . . be deprived

---

[14] Doc. 11 at 2.
[15] Anderson v. Law Firm of Shorty, Dooley & Hall, 393 F. App'x 214, 216 (5th Cir. 2010) ("[F]ederal courts have no authority to direct state courts or their judicial officers in the performance of their duties.") (citing Moye v. Clerk, DeKalb Cty. Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973)). *See* Alexander v. State of Mississippi, 655 F. App'x 989, 992 n.2 (5th Cir. 2016) (quoting *Moye*, 474 F.2d at 1276).
[16] Doc. 11 at 3.
[17] This "right" referred to by Plaintiff appears to come not from the U.S. Constitution but from the Declaration of Independence, which reads, in part, "We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness." THE DECLARATION OF INDEPENDENCE para. 2 (U.S. 1776). But "the Declaration of Independence is not a federal law and is not part of the Constitution; therefore, it cannot give rise to a cause of action." Epps v. Russell Cty. Dep't of Human Res., No. 3:15CV25-MHT, 2015 WL 1387950, at *4 (M.D. Ala. Mar. 25, 2015).

of life, liberty, or property, without due process of law."[18] Here, Plaintiff seeks both monetary damages and injunctive relief based on Judge Darensberg's alleged Due Process violations.

### i. Claims seeking monetary damages from Judge Darensberg in her individual capacity

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions."[19] Here, all of Plaintiff's allegations against Judge Darensberg involve acts that the judge allegedly performed in the exercise of her judicial functions. Accordingly, Judge Darensberg is absolutely immune from claims seeking monetary damages from her in her individual capacity based on alleged Due Process violations arising from her duties as a judge.

### ii. Claims seeking injunctive relief from Judge Darensberg

42 U.S.C. § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Nor is there any indication that either of those situations was the case here. Accordingly, Plaintiff has failed to state a § 1983 claim for injunctive relief against Judge Darensberg.

---

[18] U.S. CONST. amend. V.
[19] Black v. Griffin, 638 F. App'x 371, 373 (5th Cir. 2016) (quoting Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994)).

### iii. Claims seeking monetary damages from Judge Darensberg in her official capacity

Finally, Plaintiff alleges that Judge Darensberg, "[a]cting in official capacity as state judge . . . issued repeated rulings protecting the prior bad acts of other government entities . . . ."[20] Judge Darensberg does not enjoy immunity from any claim for damages against her in her official capacity.[21] Nevertheless, Plaintiff has failed to allege anything that would suggest what "prior bad acts" Judge Darensberg allegedly protected in her rulings. Accordingly, Plaintiff has failed to state a claim on which relief could be granted against Judge Darensberg.

Because this Court finds that Plaintiff has failed to state a claim against Judge Darensberg for 12(b)(6) purposes, it need not reach Judge Darensberg's 12(b)(5) challenge regarding improper service.

## II. Defendant Gegenheimer

The body of Plaintiff's Amended Complaint does not mention Defendant Gegenheimer by name.[22] Thus, no individual capacity claims have been alleged against him. Instead, it appears he is being sued in his capacity as Jefferson Parish's Clerk of Court. Even so, it is difficult to discern exactly what claims Plaintiff alleges against Gegenheimer in his capacity as clerk.

Plaintiff alleges that "[a]sbestos exposure to children or other hazard (sic) would have been avoided, but for the conduct of [Gegenheimer]."[23] She

---

[20] Doc. 11 at 3.
[21] Turner v. Houma Mun. Fire & Police Civil Serv. Bd., 229 F.3d 478, 483 (5th Cir. 2000) ("[D]efenses such as absolute quasi-judicial immunity, that only protect defendants in their individual capacities, are unavailable in official-capacity suits.").
[22] Gegenheimer is mentioned only in the caption of the Amended Complaint. Doc. 11 at 1. To the extent the pleading alleges claims against the Jefferson Parish Clerk of Court, this Court will construe those as official capacity claims against Gegenheimer.
[23] Doc. 11 at 2.

7

also alleges that "Due Process of Law violations by [Gegenheimer] . . . devastate the financial and emotional health of [Plaintiff] and her children."[24] While the Jefferson Parish Clerk of Court is mentioned several other times in the Amended Complaint, none of these allegations remotely suggests what Gegenheimer or the clerk's office did wrong or why they are liable to Plaintiff. These allegations are too scattered, disorganized, and unclear to state a claim upon which relief could be granted. Accordingly, Plaintiff has failed to state a claim against Defendant Gegenheimer.[25]

### III. Defendant Jefferson Parish

The claims against Jefferson Parish are just as difficult to discern—and in some cases the same—as those alleged against Defendant Gegenheimer. Where the claims differ is that Plaintiff appears to allege that the parish approved certain building permits that it should not have approved.[26] It is unclear, however, how or on what grounds Jefferson Parish is liable to Plaintiff for any allegedly erroneous issuance of a particular permit. All told, it is impossible for this Court to decipher Plaintiff's claims against Defendant Jefferson Parish from the Amended Complaint. As such, Plaintiff has failed to state a claim against Jefferson Parish.[27]

### IV. Defendant Marsiglia

Defendant Marsiglia first argues that under Rule 12(b)(5) dismissal of the claims against her is warranted because she was never timely served with

---

[24] *Id.*
[25] For the same reasons this Court declines to address Judge Darensberg's 12(b)(5) challenge, it also need not reach Gegenheimer's 12(b)(5) challenge.
[26] *See* Doc. 11 at 2–3.
[27] The Court need not reach Jefferson Parish's 12(b)(5) challenge for the same reasons it declines to reach improper service challenges by Defendants Darensberg and Gegenheimer.

8

Plaintiff's original Complaint. Second, she argues that dismissal is warranted under Rule 41(b) because Plaintiff repeatedly failed to comply with this Court's orders regarding service of Marsiglia.

### a. 12(b)(5) challenge

Rule 12(b)(5) provides that a defendant may seek the dismissal of a pleading for "insufficient service of process."[28] "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."[29]

Rule 4 governs service of process in federal courts.[30] Under Rule 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(m) provides that a defendant must be served "within 90 days after the complaint is filed."

Here, Marsiglia certainly was not served within 90 days of Plaintiff's Complaint being filed. In fact, Marsiglia was not served with the original Complaint until more than 13 months after it had been filed. Over those 13 months, this Court on several occasions ordered Plaintiff to submit proof of service upon Marsiglia. On February 27, 2019, the Court issued a final deadline and warned Plaintiff that if she did not submit proof of service upon Marsiglia by March 11, 2019, Plaintiff's claims against Marsiglia would be dismissed pursuant to Rule 4.

In a literal sense, Plaintiff failed to comply with this deadline. Marsiglia was not served with the original Complaint until April 22, 2019—more than a month after this Court's final deadline for Plaintiff to submit proof of service

---

[28] FED. R. CIV. P. 12(b)(5).
[29] George v. U.S. Dep't of Labor, 788 F.2d 1115, 1116 (5th Cir. 1986).
[30] FED. R. CIV. P. 4.

9

upon Marsiglia. Complicating the matter, however, is that the February 27, 2019 Order also instructed Plaintiff to amend her Complaint to properly allege facts supporting federal jurisdiction no later than the same March 11, 2019 date by which Plaintiff was ordered to serve Marsiglia with the original Complaint. Plaintiff complied with this portion of the Order by filing an Amended Complaint on March 8, 2019. And Marsiglia was properly served with the Amended Complaint in compliance with Rule 4. Thus, this Court finds that dismissal under Rule 12(b)(5) is not warranted.

### b. 41(b) challenge

"Rule 41(b) authorizes a district court to dismiss an action with prejudice if a plaintiff fails to comply with court orders."[31] Nevertheless, the Fifth Circuit has noted that "a dismissal with prejudice is an extreme sanction and the district court's discretion is therefore limited."[32] Before dismissing an action with prejudice, the court must first find that the plaintiff's "failure to comply with the court order is the result of purposeful delay or contumacious conduct."[33] Second, the court must "employ lesser sanctions."[34] Third, and finally, the court must find one or more of the following aggravating factors to be present: "1) delay caused by the plaintiff himself, not the attorney; 2) actual prejudice to the defendant; or 3) delay caused by intentional conduct."[35] Then, and only then, is dismissal with prejudice warranted under Rule 41(b).[36]

Although this is a close call, the Court cannot find that Rule 41(b) dismissal is appropriate at this stage of litigation. It is true that Plaintiff

---

[31] Morgan v. Americas Ins. Co., 759 F. App'x 255, 257 (5th Cir. 2019) (citing FED R. CIV. P. 41(b)).
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] *Id.*
[36] *See id.*

10

completely ignored the Court's November 20, 2018 Order giving Plaintiff 60 more days to effect service upon Marsiglia. The Court responded to this inaction by threatening to dismiss Plaintiff's claims if she failed to submit proof of service by February 22, 2019.[37] That day came, and Plaintiff failed to submit proof of service upon Marsiglia. Instead, she filed a Motion seeking leave to amend her Complaint.[38] The Court responded by giving Plaintiff a couple more weeks to submit proof of service and to amend her Complaint. Although Plaintiff did not serve Marsiglia with the original Complaint by the March 11, 2019 deadline, she did timely file an Amended Complaint in compliance with this Court's previous order. Marsiglia was then timely and personally served with the Amended Complaint.

Plaintiff's behavior throughout this litigation has been far from model-worthy. She has on at least three occasions failed to comply with clear court orders. Most recently, she has failed to respond to the instant Motions to Dismiss. Although this Court ordinarily provides pro se plaintiffs significant leeway when they encounter procedural difficulties, Plaintiff's behavior here is much less excusable given her status as a licensed attorney.

Nevertheless, this Court is mindful that Plaintiff has mostly complied with this Court's most recent directive. She filed an Amended Complaint that raises federal claims on its face, creating federal question jurisdiction pursuant to 28 U.S.C. § 1331. Then she timely served Defendant Marsiglia with the Amended Complaint. Accordingly, Rule 41(b) dismissal is inappropriate at this time. The Court does note, however, that it would be unlikely that Plaintiff's claims against Marsiglia could survive a Rule 12(b)(6) challenge.[39]

---

[37] Doc. 7.
[38] Doc. 8.
[39] Marsiglia did not move for relief under Rule 12(b)(6) in her Motion to Dismiss. Doc. 24.

11

## CONCLUSION

For the foregoing reasons, the Motions to Dismiss by Defendants Darensberg (Doc. 16), Gegenheimer (Doc. 19), and Jefferson Parish (Doc. 23) are **GRANTED**, and Plaintiff's claims against them are **DISMISSED**.

It is further ordered that Defendant Marsiglia's Motion to Dismiss (Doc. 24) is **DENIED**.

New Orleans, Louisiana this 15th day of July, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**