UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HEATHER L. JOHNSON** | ) | CIVIL ACTION |
| | ) | |
| **VERSUS** | ) | NO. 18-2854 |
| | ) | |
| **JENNIFER L. MARSIGLIA** | ) | SECTION: "H" |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss with Prejudice Pursuant to FRCP 12(B)(6) (Doc. 34). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Pro se Plaintiff Heather Johnson is an attorney licensed in Louisiana. She filed her initial Complaint in this matter on March 16, 2018. She alleged that "Jennifer L. Marsiglia is named as Defendant in as much as she is an attorney and legal fiduciary of co-owned property . . . where extreme and unlawful inflictions of emotional distress was (sic) incurred as a direct result of general civil negligence concerning health care decision making incentives."[1] The nature of Plaintiff's claims are not clear from her Complaint, but she describes them as "general, civil tort liability concerning asbestos and related personal and other medical injury involving real estate belonging to an Incorporated Business in Louisiana and Florida."[2]

Over the next year, this Court on several occasions ordered Plaintiff to submit proof of service upon Defendant Marsiglia. The final order, issued on

---

[1] Doc. 1 at 2.
[2] *Id.* at 1.

1

February 27, 2019 in response to a request by Plaintiff Johnson to again extend her deadline to effect service, reads in pertinent part as follows:

> **IT IS ORDERED** that Plaintiff shall no later than March 11, 2019 (1) submit proof of service upon Defendant Marsiglia and (2) amend her Complaint to properly allege facts supporting federal jurisdiction. If Plaintiff fails to timely submit proof of service upon Marsiglia, Plaintiff's claims will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. If Plaintiff fails to timely file an amended Complaint properly alleging facts to support federal jurisdiction, Plaintiff's case will be dismissed for lack of subject matter jurisdiction.[3]

Plaintiff did not submit proof of service of her original Complaint upon Marsiglia by March 11, 2019. She did, however, file an Amended Complaint on March 8, 2019. Plaintiff's theory of recovery—and the allegations underlying that theory—shifted dramatically from her Complaint to her Amended Complaint. Although the caption of the Amended Complaint still identifies Marsiglia as a defendant, she is no longer the main target—if a target at all—in the suit. Instead, Plaintiff's primary claims are directed at Judge June Darensberg of Louisiana's 24th Judicial District Court in Jefferson Parish.

Much like with Plaintiff's original Complaint, Plaintiff's Amended Complaint is unclear. In it, Plaintiff names the following parties as defendants: (1) Marsiglia; (2) Judge Darensberg; (3) Jon Gegenheimer, Clerk of Court for the 24th Judicial District Court for Jefferson Parish; (4) the Jefferson Parish Clerk of Court; and (5) the Jefferson Parish Code Enforcement.[4] Plaintiff describes her requested relief as follows:

> [S]crutiny and an Order for preemptory and continuing Writ of Mandamus and other civil injunctive and general tort relief afforded under the Equal Protection Clause, Due Process Clause,

---

[3] Doc. 9 at 2–3.
[4] The Amended Complaint misspells Darensberg as "Darrensberg" and Gegenheimer as "Gegenhiemer." Doc. 11 at 1.

2

>Supremacy Clause, Privileges and Immunities Clause (sic) to vacate illegal Domestic Court Orders and quash and enjoin from maintaining or enforcing said Orders wherein as an incompetent forum, acting under color of state law.[5]

Plaintiff specifies that "[t]he primary relief sought is Mandamus Order Vacating 102 Divorce Judgments based upon fraud."[6]

On July 15, 2019, the Court granted a Motion to Dismiss filed by Defendants Darensberg, Gegenheimer, and Jefferson Parish.[7] Noting the difficulty of deciphering Plaintiff's claims, the Court dismissed these Defendants due to Plaintiff's failure to state a claim against them. In the same ruling, the Court denied Defendant Marsiglia's Motion to Dismiss, despite Plaintiff's failure to oppose the Motion. Defendant Marsiglia had argued that the claims against her should be dismissed due to Plaintiff's failure to timely serve her and due to Plaintiff's inability to comply with this Court's orders. Generously, the Court ruled in favor of Plaintiff.

The claims against Marsiglia are the only ones remaining in this suit. In the instant Motion, Marsiglia now moves the Court to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim for relief that is plausible on its face."[8] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

---

[5] *Id.*
[6] *Id.* at 2.
[7] Doc. 27.
[8] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[9] *Id.* (citing *Twombly*, 550 U.S. at 556).

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[10] The Court need not, however, accept as true legal conclusions couched as factual allegations.[11] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[12] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[13]

## LAW AND ANALYSIS

Defendant Marsiglia argues that Johnson has failed to allege any facts that would entitle her to relief against Marsiglia. Defendant avers, and the Court agrees, that the Amended Complaint appears to offer no new allegations against Marsiglia. Moving for dismissal, Defendant Marsiglia avers that the allegations fail to raise a right to relief above the speculative level.

When the Court allowed Plaintiff Johnson to amend her Complaint, the Court hoped the amendments would provide clarity. Instead, the allegations are even more confusing. At first, this lawsuit appeared to concern asbestos exposure suffered by Plaintiff, her husband, and her children. The Amended Complaint, however, alleges that Marsiglia was "complacent in the face of significant sobriety concerns on the part of Plaintiff in Divorce seeking Jefferson Parish property ownership allegedly authorized by Succession with [the Jefferson Parish Clerk of Court] and child custody."[14] The Amended Complaint alleges that Marsiglia "failed to dismiss Article 102 Divorce with

---

[10] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[11] *Iqbal*, 556 U.S. 662 at 678.
[12] *Id*.
[13] *Lormand*, 565 F.3d 228 at 255–57.
[14] Doc. 11.

4

objective court evidence Plaintiff seeking Divorce (1) never timely served [Johnson] with any Divorce Petition properly modified or other and (2) lacked sobriety and capacity to initiate and sustain lawsuit by signing court orders under the influence."[15] The Amended Complaint references systemic abuse, the termination of Plaintiff's parental rights, and the barring of contact with her children. More confusing still, in her opposition to this Motion, Plaintiff seems to allege that Defendant Marsiglia is "receiving financial reward, kickback or similar economic incentive to remain silent on crucial information."[16]

In short, Plaintiff's allegations are bewildering. The Court cannot understand what facts Plaintiff is setting forth in her pleadings. The Amended Complaint is filled with conclusory, nonsensical allegations that provide no clarity on the original Complaint.

The original Complaint invoked two statutes, and after reviewing the statutes, the Court cannot determine how they relate to Plaintiff's pleadings. Louisiana Revised Statute 37:1744 applies to healthcare providers. Plaintiff has failed to allege, at least with any clarity, that Defendant Marsiglia is a healthcare provider. In her Motion, Defendant avers that she has never been licensed nor has she practiced as a healthcare provider. The other statute at issue is Louisiana Revised Statute 40:1231.5, which is part of the Medical Malpractice Act and governs the "Patient's Compensation Fund." Plaintiff has failed to allege with any clarity that Defendant has any connection to this fund or its governing board. Indeed, Defendant avers that she is not a member of the governing board.

---

[15] *Id.*
[16] Doc. 36.

Without clearer allegations from Plaintiff, the Court cannot say that Plaintiff raises a claim to relief that is plausible on its face. Because Plaintiff has failed to describe her factual and legal allegations with any degree of clarity or cohesion, the Court must grant Defendant's Motion. Given that the Court has already allowed Plaintiff the opportunity to amend, the Court believes that dismissal is appropriate at this point. It is clear that amendment cannot remedy these pleadings.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss with Prejudice Pursuant to FRCP 12(B)(6) (Doc. 34) is **GRANTED**. Plaintiff's case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 10th day of June, 2020.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**